**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5101**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

BRIAN O'KEITH BROWN, a/k/a Bo,

             Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00030-NCT-1)

Submitted:  September 29, 2009        Decided:  October 2, 2009

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven III, Durham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian O'Keith Brown pled guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm during a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A)(i) (2006). He previously appealed his 230-month sentence, and we remanded his case for resentencing in light of Kimbrough v. United States, 552 U.S. 85 (2007). On remand, the district court reduced Brown's sentence to 206 months' imprisonment, applying Amendment 706, which amended the sentencing guideline for crack cocaine offenses. Brown appeals his sentence, arguing that his sentence is unreasonable because the district court failed to consider a variant sentence under Kimbrough. Finding no reversible error, we affirm.

We find no merit to Brown's argument that the district court failed to consider a variant sentence under Kimbrough. Defense counsel argued for a sentence lower than the guidelines range based on the cocaine/cocaine base disparity. The court concluded, however, in considering the § 3553(a) factors, particularly Brown's extensive criminal background, a sentence within the guidelines range, was appropriate.

We review a criminal sentence for reasonableness, using the abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 594-97 (2007). We conclude that Brown's sentence is both procedurally and substantively

2

reasonable.  The district court properly calculated Brown's Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) (2006) factors. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007); see also Rita v. United States, 551 U.S. 338, 352-356 (2007) (upholding application of rebuttable presumption of reasonableness of within-guidelines sentence).  Furthermore, the court's sentence was based on its "individualized assessment" of the facts of the case.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Accordingly, we affirm Brown's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED